FORET, Judge.
MOTION TO DISMISS
The defendant-appellee, Mary Jane Tar-zetti, moves to dismiss the appeal of the plaintiff-appellant, Charles Keith Richard, on the grounds that this appeal was untimely filed and not in accordance with LSA-C.C.P. Art. 3943.
This is a domestic matter in which a hearing on custody of the plaintiff’s and defendant’s child was held on December 18, 1985. The trial court took the matter under advisement and rendered a decision on March 12, 1986. This decision was communicated to the parties by a letter from the judge. This letter stated that the parties had not rebutted the presumption of joint custody, and that a plan to implement custody should be filed within twenty days.
A plan was drawn up, and the court signed a “Judgment Implementing Joint Custody” on May 7, 1986. The instant appeal was filed on June 5, 1986.
LSA-C.C.P. Art. 3943 provides in part:
*666 Art. 3943 Appeal from judgment awarding Custody or Alimony
“An appeal from a judgment awarding custody of a person ... can be taken only within the delay provided in Article 3942 ...”
LSA-C.C.P. Art. 3942 provides in part:
Art. 3942 Appeal from judgment granting or refusing annulment, separation, or divorce
“An appeal from a judgment ... can be taken only within thirty days from the applicable date provided in Article 2086 (1H3) ...”
Mover alleges that this thirty day period began on March 12, 1986, when the parties received the letter from the judge of his decision. This letter was not entitled “Judgment”, nor contained any of the appropriate language that final judgments contain. See LSA-C.C.P. Art. 1918. The letter contains no order as to the disposition of the case, and thus is not a final judgment in conformance with LSA-C.C.P. Arts. 1911, 1918, and 1842.
The “Judgment Implementing Joint Custody” however, does contain the formalities and appropriate language of a final judgment, and is signed by the trial court judge in compliance with the Code of Civil Procedure. Since the appellant’s appeal was filed on June 5,1986, within thirty days of the signing of the final judgment on May 7, 1986 and the applicable delays in LSA-C.C.P. Art. 2087, the appeal is timely and mover’s motion to dismiss will be denied at his cost.
MOTION DENIED.